UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JUAN VERDUZCO, aka JAIME VERDUZCO,

    Petitioner,

vs.

DOMINGO URIBE, JR., Acting Warden,

    Respondent.

No. C 09-5894 PJH (PR)

**ORDER TO SHOW CAUSE**

    Petitioner, a California prisoner currently incarcerated at Centinela State Prison in Imperial, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

    Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

### BACKGROUND

    An Alameda County jury convicted petitioner of first degree murder, *see* Cal. Penal Code § 187, with personal and intentional discharge of a firearm, *see id.* at § 2022.53(d); possession of a firearm by a felon, *see id.* at § 12021; and possession of methamphetamine, *see* Cal. Health & Safety Code § 11377. He was sentenced to prison for fifty-five years and eight months..

### DISCUSSION

**A.    Standard of Review**

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) his counsel was ineffective in failing to object to the prosecutor's comments in closing argument that witnesses had been intimidated by petitioner and that he was trying to intimidate the jury; (2) his counsel was ineffective in failing to object to the prosecutor's sexist and racist comments in closing argument; (3) his counsel was ineffective in failing to advise petitioner to plead guilty to the possession charge to avoid reference to the drug quantity at trial; (4) his counsel was ineffective in failing to advise petitioner to plead guilty to the firearm charge to avoid introduction of evidence of petitioner's status as a convicted felon and to deny the prosecutor the argument that petitioner used guns to solve problems; (5) his due process rights were violated by the trial court's failure to give an instruction on voluntary manslaughter; (6) his due process rights were violated by the trial court's failure to give an instruction on the circumstances in which provocation may reduce a murder from first to second degree, and his counsel was ineffective in failing to request such an instruction; (7) his due process rights were violated by the trial court's instructing the jury with CALJIC

8.30; and (8) there was insufficient evidence to support the verdict.  These claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file the record with the answer and serve a copy on petitioner.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 25, 2010.

_____
PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\VERDUZCO5894.osc.wpd